**In re INTEL CORPORATION, Petitioner.**

**No. MISC. NO. 697.**

United States Court of Appeals, Federal Circuit.

March 14, 2002.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

ON PETITION FOR WRIT OF MANDAMUS

MICHEL, Circuit Judge.

ORDER

Intel Corporation petitions for a writ of mandamus to direct Judge McKelvie of the United States District Court for the District of Delaware to reconsider his decision to recuse himself.

Intel sued Broadcom Corporation for infringement of five patents related to digital video, computer networking, and integrated circuit packaging. Judge McKelvie recently presided over a jury trial relating to two of the patents. The jury returned a verdict in Broadcom's favor, finding noninfringement of both patents and determining that one patent was invalid.

On January 7, 2002, Judge McKelvie informed the parties that he had decided to resign as a district court judge on May 31, 2002. Judge McKelvie's letter to the parties stated:

> I do not currently have arrangements for work after May 31. However, as I begin the process of seeking new employment, I expect I will be speaking with one or more law firms. I will recuse myself from any matter in which I have entered into discussions with a firm in the case.

Judge McKelvie subsequently informed the parties that the case would be reassigned when Broadcom moved for the admission pro hac vice of a Washington, D.C. law firm with whom the judge was interviewing. Intel requested that Judge McKelvie not reassign until after he ruled on the posttrial motions. The motion was denied and the case was assigned to the chief judge of the district.

Intel moved for reassignment of the case to Judge McKelvie. The chief judge eventually informed that parties that it appeared the possible conflict was of the kind that may be waived by the parties and that, if the parties created a record of such waiver pursuant to Canon 3D of the Code of Conduct for United States Judges, the case would be reassigned to Judge McKelvie. Canon 3D provides:

> A judge disqualified by the terms of Canon 3C(1) ... may, instead of withdrawing from the proceeding, disclose on the record the basis of disqualification. If the parties and their lawyers after such disclosure and an opportunity to confer outside of the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.

Similarly, 28 U.S.C. 455(e) provides:

> (e) No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

In response, Intel agreed to waive any conflict. Broadcom declined to waive. Broadcom stated that the firm had been representing Broadcom in the matter for approximately 17 months and had performed substantive work on the two patents at issue in the posttrial motions.

Intel petitions for a writ of mandamus to direct Judge McKelvie to reconsider his disqualification decision. Intel argues that Judge McKelvie may choose to ignore Broadcom's refusal to waive the conflict because Broadcom created the conflict and "should not be permitted to benefit from its apparent attempt to force Judge McKelvie to recuse himself." Intel argues specifically that Broadcom's application for admission pro hac vice was unnecessary and an attempt to disqualify the judge.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Intel has not shown a clear and indisputable right to mandamus. The Code of Conduct for United States Judges requires agreement by all parties on the record before a judge may participate in a proceeding in these circumstances. Intel has not shown that Broadcom's refusal to waive the conflict may be ignored by the court. Further, Intel makes much of the motives of Broadcom in filing a motion for the law firm to appear pro hac vice. However, Broadcom has stated that the law firm had been working on the patents in suit for well over a year. Thus, even if Broadcom had not applied for admission pro hac vice, but had merely informed the district court that the law firm had been involved in the case, we are not convinced that Judge McKelvie would not have disqualified himself.

Accordingly,

IT IS ORDERED THAT:

Intel's petition for a writ of mandamus is denied.

Before MICHEL, BRYSON, and PROST, Circuit Judges.